Arthur S. Hirsch, J.
In this article 78 proceeding petitioner -seeks to enjoin the respondents from interfering with the petitioner in the exercise of its power to manage the schools within its jurisdiction. Respondents cross-move to dismiss the petition on the ground that the petitioner has not exhausted its administrative remedies and fails to state a cause of action.
The petitioner alleges that on September 4 and September 19, 1972 the Chancellor of the New York City School District ordered petitioner to enroll approximately 70 students from another district into J.H.S. 285, a school within petitioner’s jurisdiction. The school is overutilized at a rate of 110% and its classroom sizes are above the educational standards of the Board of Education. Its racial composition is approximately 60% black and 40% white. The parents of the school district opposed the transfer. They have been confronted outside of the school by people who do not live in the district and as a result thereof the Acting Superintendent of the district has been forced to close the school for fear of imminent danger to students, teachers, and supervisors. The area of the school has been saturated with police who have made a number of arrests, one of which is the individual respondent “ Mrs. Boatright”. During the days the school was in operation pickets patrolled outside of the school, among which was Mrs. Boatright. During the course of this turmoil the Chancellor ordered the registration of the *550 out-of-district students into either J.H.S. 68 or J.H.S. 211, both schools (also within the petitioner’s jurisdiction and both operating at an overutilization rate in excess of J.H.S. 285. Petitioner was never advised or consulted concerning the transfer and was never afforded an opportunity to meet with the Chancellor or his representatives to discuss the transfer. The transfers are about to be effected without the consent of the petitioner. Parents, of students at J.H.S. 68 and 211 have gathered in large numbers outside of the schools and police are required to maintain order. Mrs. Boatright and the respondents “ John Doe ” and “ Jane Doe ” have picketed the headquarters of the petitioner on September 29, 1972, preventing ingress and egress. The order of the Chancellor is contrary to the Education Law and arbitrary and capricious.
In support of the petition the president of the community board repeats the allegations of the petition and adds the following new matter :
The area in which the community school district lies has during the past 10 years experienced enormous population shifts. Despite this, the citizens have been striving to achieve an integrated neighborhood. In early 1971 the community school board concentrated its efforts in preserving integrated education at J.H.S. 285. The school was tending towards a totally black school. In co-operation with the' Board of Education the petitioner arranged that out-of-district children were to be rezoned into the jurisdiction of community board 23. As an option to parents in district 23, community board 23 was permitted to arrange for the children to transfer into the neighboring community boards which were predominantly white and had no over-utilization problem. For reasons never explained to community school board 18, the Board of Education refused to continue the option available to community board 23. On the first day of school the Chancellor appointed a trustee and directed that he register the out-of-district children into J.H.S. 285. After the temporary stay was secured by the parents’ association of J.H.S. 285 in an action against the Board of Education in transferring any students into the school, the Chancellor ordered the registration to be switched to J.H.S. 68 and J.H.S. 211. |
The respondents show that on July 5, 1972 the Deputy Chancellor wrote to the president of community school board 18: “ On June 23, I wrote to you concerning the complaint of the parents in the Tilden Houses Development to the effect that your district continues to refuse to register new admissions from *551 the Tilden Houses whose children are still zoned into P.S. 135, 233, 244 and 268 and that you have refused to place those 6th graders promoted from these elementary schools into their legally zoned J-285 or into other middle schools of District 18. # # *
“ Under the powers vested in the Chancellor I am hereby directing the Community School Board 18 to admit.all new registrants into the aforementioned schools and to assign the 6th grade pupils who reside in the Tilden Houses and who attended these schools into J-268 or into other middle schools of District 18 for September 1972.”
Respondents further show that on September 7, 1972 the Deputy Chancellor wrote to the community school board 18: “As we have consistently maintained, the pupils of the Tilden Houses are legally zoned into J-285, P-233 and 244. * * * we reiterate, unequivocally, that no legal rezoning of the Tilden Houses was ever effected and that the pupils of the Tilden Houses must be placed in schools within the district to which they are still zoned. Community School Board 18 is again directed to register these pupils immediately.”
On September 8, 1972 the Chancellor informed the petitioner that he had appointed a trustee for the purpose of insuring compliance with the instructions previously issued.
Prior to the opening of school in September, petitioner appealed from the Chancellor’s order of July 5,1972 to the City Board of Education. After a hearing the city board on September 19, 1972 upheld the decision of the Chancellor. On October 4, 1972 petitioner filed an appeal from the latter’s determination with the State Commissioner of Education and as of this moment, October 9,1972, no determination has as yet been made therein. No appeal has been taken by the petitioner from any other order or directive of the Chancellor issued after July 5, 1972 pertaining to the registration of the students.
There is no basis for invoking judicial review of the determination of September 19,1972 by the City Board of Education or of any order or directive issued by the Chancellor after July 5, 1972, since petitioner has not exhausted the administrative review available to it. Review of. a determination of the Chancellor must first be appealed pursuant to section 2590-1 of the Education Law to the city board and any appeal from the final determination of the latter is required to be determined by the Commissioner of Education (Matter of Community School Bd. 3 v. Board of Educ., 68 Misc 2d 66). Review of any purely arbitrary action of the Commissioner of Education is then open to *552 the petitioner (Matter of Board of Educ. v. Allen, 6 N Y 2d 127). ‘ ‘ Resolution of these matters within the educational administrative structure is far more appropriate than the limited judicial review permissible. Educational policy and procedure is hardly a matter for court determination, except in rare instances.” (Matter of Valdivieso v. Community School Bd. of Dist. One, 67 Misc 2d 1007,1010.)
With respect to the respondents Harvey B. Scribner and the Board of Education of the City of New York, the petition is dismissed'and the stay previously granted is vacated.
With respect to the respondents Boatright and “ John Doe ” and “ Jane Doe ”, it appearing that they have not been served in this proceeding, the injunctive provisions against them contained in the order to show cause are vacated.